## Case No. 593.

ASPINWALL v. COUNTY COM'RS.

[3 Wkly. Law Gaz. No. 26.]

Circuit Court, D. Indiana. May Term, 1859.[1]

MANDAMUS—ENFORCING JUDGMENT ON MUNICIPAL
BONDS—PEREMPTORY WRIT.

[1. Where county bonds in aid of a railroad are issued under authority of an act of the state legislature providing that the county commissioners shall levy a tax to pay the interest and principal, a judgment for interest thereon, recovered in a federal court, may be enforced by mandamus to compel such levy.]

[See note at end of case.]

[2. Where the defendants have had ample opportunity to set up all substantial defenses in previous litigation, a peremptory instead of an alternative mandamus should be granted.]

[See note at end of case.]

[Application for a peremptory writ of mandamus. In an action of assumpsit by William H. Aspinwall, Joseph W. Alsop, Henry Chauncey, Charles Gould, and Samuel L. M. Barlow against the board of commissioners of Knox county, to enforce the payment of certain coupons of bonds issued by the defendant, judgment had been rendered for plaintiffs for $17,832.36, (case not reported,) and, on writ of error, was affirmed by the supreme court. Board Com'rs Knox Co. v. Aspinwall, 21 How. (62 U. S.) 539. An execution was issued on the judgment in June, 1859, but was subsequently, by order of the court, set aside, and an alternative writ of mandamus granted, commanding the defendant to levy a tax for the payment of the judgment, or to show cause, etc. This writ was quashed, but upon this application a peremptory mandamus was granted. On writ of error sued out by defendant, this judgment was affirmed by the supreme court. 24 How. (65 U. S.) 376.]

Samuel Judah and N. C. McLean, for plaintiffs.

Judge McDonald, for defendant.

HUNTINGTON, District Judge. At the May term of this court, 1857, a judgment was recovered in favor of the plaintiffs, and against the defendant for a large sum of money found due upon the interest warrants of certain bonds issued by the county of Knox to the Ohio and Mississippi Railroad Company, in payment of subscription of stock made by that county to said road. This judgment was, at the last term of the supreme court of the United States, affirmed by that tribunal. The judgment of that court is final and conclusive between these parties. By the act of the legislature under which this subscription of stock was made, and these bonds issued, it was provided that the commissioners of Knox county should levy a tax upon the property of the county to pay these bonds, and the interest as it fell

[1] [Affirmed by supreme court in Board Com'rs Knox Co. v. Aspinwall, 24 How. (65 U. S.) 376.]

due. For several years the board of commissioners have failed and refused to levy the tax. At last the parties holding these bonds have sued on these interest warrants and obtained a judgment. There being no property in the county subject to the payment of this judgment, the plaintiffs, at the present term of this court moved the court for an alternative mandamus to compel the board of county commissioners to show cause why they had not levied the tax, etc. To this proceeding the county board, by counsel, appeared, acknowledged service, etc., and filed a demurrer. After argument, the court refused the mandamus on the ground that the tax to be levied was by the act directed to be levied at the June term of said board, and that as no such term had intervened since the final determination of the cause, the board should have the then and now passed June term, in which to make the levy before a mandamus should issue. By the affidavit of Samuel Judah the attorney of the plaintiffs, and the affidavit of N. C. McLean, the attorney of other judgment creditors, it appears that application was made by them personally to the county board at its June session, just passed, to make the levy required by law, and that the board peremptorily and utterly refused to do so. Under this state of facts, the plaintiffs ask for a mandamus to compel the board to execute this duty. In opposition to this motion, a transcript of the proceedings of the county board is read, which shows that the regular sessions of the board are limited to nine days, and that the regular county board have adjourned over until the 6th of July next without having decided the question, with a view, as is expressed in the order, to consult public opinion in the matter. It has already been decided by this court at this term, on the former motion, that in order to sustain the jurisdiction of this court and enforce its judgments and decrees, the court may issue this prerogative writ. Indeed, to deny this power is to deny the jurisdiction of the court, for it would be a farce to say that this court has the power to give a judgment without the power to enforce it. It can be enforced in but one way, and that is by a levy of the tax required by the law. The proper officers refuse to levy the tax, and the only remedy is to enforce obedience by this writ.

The usual course in cases of mandamus is to obtain a rule upon the defendant to show cause why the writ should not issue; and if the cause be deemed insufficient, then a mandamus in the alternative issues—to which a return is to be made; and if good cause is not thereby shown for not doing the thing required, then a peremptory mandamus is issued. But if both parties have been fully heard, and there is no dispute about the facts, the court will, if perfectly satisfied, without going through the form of an alternative mandamus, grant a peremptory man-

damus in the first instance. Board of Police of Attala Co. v. Grant, 9 Smedes & M. 77; Ang. & A. [Corp.] § 729, and notes, page 809. The present application is for a peremptory mandamus. As far as the facts of the case are concerned, there is nothing left for determination. The plaintiffs have a judgment given by the court and affirmed by the supreme court of the United States. The right of the plaintiffs to receive from the county of Knox the amount of this judgment is settled, and cannot be disputed. Payment can be enforced in only one way, and that according to the terms of the act of the legislature. The board whose duty it was to levy the tax has refused to do so, and has adjourned over beyond the period fixed by law for its June term. This board has for years refused to perform a duty expressly enjoined by public law. The court gave it the June session just passed to perform this duty. This board still refuses. It is a case clear of all doubt as far as the right of the parties is concerned; there are no facts to dispute; none to investigate. The county is concluded by the judgment of the highest court in the Union. The board has a mere ministerial duty to perform, and it contumaciously refuses to perform it, and we know of no other mode in which it can be enforced than by this prerogative writ. An execution would be unavailing for not only is there no property by which the judgment can be collected, but if there were, the act requires the debt to be satisfied by a tax on the property of the county. Already has an alternative writ been issued and service acknowledged—it was quashed on the ground that it was prematurely asked for. But what is the object of issuing an alternative writ, unless it be to give the party against whom it is issued the right to set up some real and substantial defense to the proceeding? In this case what defence can be made? The judgment is final—the amount due is fixed—it cannot be changed—there can be no defense to the merits, it can only be purely technical and go to the right of the party to enforce this judgment. This question has already been decided. We grant the writ.

[NOTE. The judgment of the circuit court was affirmed by the supreme court, and Mr. Justice Grier, in delivering the opinion, said: "Why should not the circuit court of the United States be competent to give to suitors this only adequate remedy? By the common law, the writ of mandamus is granted by the king's bench, in virtue of its prerogative and supervisory power over inferior courts. The courts of the United States cannot issue this writ by virtue of any supervisory power at common law over inferior state tribunals. They can derive it only from the constitution and laws of the United States. The jurisdiction of these courts is, by the constitution, extended to 'controversies between citizens of different states.' Congress has authority to make all laws which shall be necessary and proper for carrying this jurisdiction into effect. The jurisdiction of the court to give the judgment in this case is not disputed; nor can it be denied that, by the constitution, congress has the power to make laws

necessary for carrying into execution all its judgments. See Wayman v. Southard, 10 Wheat. (23 U. S.) 22. Has it done so? By the 14th section of the judiciary act of 1789 (1 Stat. 73) it is enacted 'that courts of the United States shall have power to issue writs of scire facias, habeas corpus, and all other writs not specially provided for by statute, which may be necessary for the exercise of their respective jurisdictions and agreeable to the principles of the common law.' Now, the 'jurisdiction' is not disputed, and it is 'necessary' to an efficient exercise of this jurisdiction that the court have authority to compel the exercise of a ministerial duty by the corporation, which by law they are bound to perform, and by the performance of which alone the plaintiff's remedy can be effected. * * * There is no other writ which can afford the party a remedy, which the court is bound to afford, if within its constitutional powers, except that afforded by this writ of mandamus. It is 'agreeable to the principles of the common law,' and, consequently, within the category as defined by the statute. * * * It is no reason for setting it aside that a previous alternative writ had not issued. The notices served on the commissioners gave them every opportunity of defense that could have been obtained by an alternative mandamus. There was no dispute about facts which could affect the decision. The court gave them an opportunity to comply with the demand of the plaintiffs. Their excuse for not doing so was, palpably, 'a mere colorable adjournment or procrastination of the performance of the act, for the purpose of delay.' It is equivalent to a refusal. Having refused to perform the duty which the law imposed upon them on the proper day, without even the pretense of a reason for such conduct, the peremptory mandamus was very properly awarded, commanding the duty to be performed 'forthwith.'" Knox Co. v. Aspinwall, 24 How. (65 U. S.) 376.]